,

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT BURKLEY, | ) Case No. CV 18-7539-RGK (JPR) |
| Petitioner, | ) |
| v. | ) ORDER SUMMARILY DISMISSING<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS AND ADMINISTRATIVELY |
| WILLIAM JOE SULLIVAN, Warden, | ) CLOSING CASE |
| Respondent. | ) |

On August 29, 2018, Petitioner, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 1997 convictions for carjacking and robbery. (Pet. at 2.) This is not his first federal habeas petition challenging the same underlying state-court judgment. He first filed one in July 1998, which the Court denied without prejudice because the claims presented had not been exhausted in state court. See Burkley v. Ayers, No. 98-CV-6180-DT (MC) (C.D. Cal. denied Mar. 3, 2000). In October 2000, he filed another, which the Court dismissed as time-barred. See Burkley v. McGrath, No. 00-CV-11549-DT (MC) (C.D. Cal. dismissed Apr. 27, 2001). Over the next decade, he filed numerous appeals and pleadings in this

1

Court and in the Ninth Circuit; all were denied. See R. & R. at 2-4, Burkley v. Jacquez, No. 13-CV-00424-VAP (RNB) (C.D. Cal. Jan. 24, 2013), ECF No. 3 (listing each action).

In January 2010, Petitioner filed his third habeas petition in this Court, raising the same claims as in the two prior petitions. That petition was dismissed as successive within the meaning of 28 U.S.C. § 2244(b). See Burkley v. Jacquez, No. 10-CV-00185-AHM (MLG) (C.D. Cal. dismissed May 26, 2010). In July 2011, he filed another habeas petition in this Court, and it too was dismissed as successive. See Burkley v. Jacquez, No. 11-CV-5852-VAP (MLG) (C.D. Cal. dismissed Aug. 19, 2011). On January 18, 2013, he filed yet another petition; the Court dismissed it and declared Petitioner a vexatious litigant. See Burkley v. Jacquez, No. 13-CV-0424-VAP (MLG) (C.D. Cal. dismissed Feb. 15, 2013).

With the pending Petition, Petitioner again seeks to challenge his 1997 convictions. The Anti-Terrorism and Effective Death Penalty Act of 1996 provides in § 2244(b) as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

|   |   |
|---|---|
| 1 | that was previously unavailable; or |
| 2 | (B)(i) the factual predicate for the claim could |
| 3 | not have been discovered previously through the |
| 4 | exercise of due diligence; and |
| 5 | (ii) the facts underlying the claim, if proven |
| 6 | and viewed in light of the evidence as a whole, |
| 7 | would be sufficient to establish by clear and |
| 8 | convincing evidence that, but for constitutional |
| 9 | error, no reasonable factfinder would have found |
| 10 | the applicant guilty of the underlying offense. |
| 11 | (3)(A) Before a second or successive application |
| 12 | permitted by this section is filed in the district court, |
| 13 | the applicant shall move in the appropriate court of |
| 14 | appeals for an order authorizing the district court to |
| 15 | consider the application. |

The pending Petition is successive within the meaning of § 2244(b) because it challenges the same convictions attacked by Petitioner's prior habeas petitions. Accordingly, Petitioner was required to secure an order from the Ninth Circuit permitting its filing. See § 2244(b)(3)(A). This Court does not have jurisdiction to consider the Petition without the Ninth Circuit's prior authorization. See Cooper v. Calderon, 274 F.3d 1270, 1273-74 (9th Cir. 2001) (per curiam). The Court's review of the Ninth Circuit's docket on PACER shows that Petitioner has filed three requests in that court for leave to file a successive petition, the most recent in June 2018; each request has been denied. Therefore, Petitioner did not have leave of the Ninth Circuit to file this Petition.

For the foregoing reasons, the Petition is SUMMARILY DISMISSED and the Clerk is directed to administratively close this case. See R. 4, Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly appears . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."); C.D. Cal. R. 72-3.2 (authorizing Magistrate Judge to prepare summary-dismissal order for District Judge's signature).

DATED: September 17, 2018

R. GARY KLAUSNER
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge